United States District Court
Southern District of Texas
**ENTERED**
March 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON R. BAILEY, MD, P.A., *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-00917 |
| BLUE CROSS & BLUE SHIELD OF TEXAS INC, *et al.*, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Plaintiffs' Amended Motion for Leave to Amend (the "Motion") (Doc. #69), Defendants' Response (Doc. #72), and Plaintiffs' Reply (Doc. #74).[1] Having reviewed the parties' arguments and the applicable legal authority, the Court finds that the Motion should be granted.

**I.   Background**

Plaintiffs Jason R. Bailey, M.D., P.A., and Lone Star Surgical Partners, P.A., (collectively, "Plaintiffs") provided medical and surgical services to patients who were members or beneficiaries of health plans. The health plans were sponsored, funded, operated, controlled, and/or administered by Defendants Blue Cross & Blue Shield of Texas, Inc. ("Blue Cross"), Enterprise

---

[1] The Court also reviewed Plaintiffs' Update Regarding Defendants' "Notice of Supplemental Authority" (Doc. #76) and Defendants' Response (Doc. #77), wherein the parties provided the Court with updates regarding the outcome of *Shih v. Blue Cross & Blue Shield of Tex., Inc.*, No. 4:21-cv-1530 (S.D. Tex. 2021). *Shih* is a factually and legally similar case over which Judge Keith P. Ellison presided. The parties presented arguments regarding whether the Court should rely upon the holding in *Shih* when ruling on the Motion before it. As will be explained herein, the Court finds that *Shih* is instructive.

Products Partners L.P. ("Enterprise"), and ten other entities (collectively, "Defendants"). Doc. #72 at 2. Plaintiffs provided emergent and pre-approved medical services to "dozens of Houstonian patients," amounting to approximately 474 patient encounters, and sought reimbursement from Defendants. Doc. #69 at 1. Plaintiffs allege that Defendants failed to adequately reimburse them for the services rendered. *See id.*

This case has a winding procedural history in state and federal court. On March 12, 2020, Plaintiffs sued Defendants in the 80th Judicial District of Harris County, Texas, alleging six different common law contract claims, tortious interference with economic advantage, violations of the Texas Laws & Regulations for Payment of Emergency Services, and violations of the Texas Prompt Payment Act. Doc. #1, Ex. 15 ¶¶ 88–167. The following month, Defendant Enterprise removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(b), arguing that the state law claims against it were completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). *Bailey v. Blue Cross & Blue Shield of Tex.*, No. 4:20-cv-1435, Doc. #1 ¶¶4–11 (S.D. Tex. 2020). The undersigned Judge presided over the removed case and ultimately remanded it due to procedural defects in Defendant Enterprise's notice of removal. *Bailey v. Blue Cross & Blue Shield of Tex.*, 504 F. Supp. 3d 591, 595 (S.D. Tex. 2020).

While the case was back in state court, Plaintiffs provided all Defendants with an unredacted chart of "Dispute Claims Lists" ("DCLs"), which listed patients' full names and plan participant identification numbers, the date(s) of rendered service(s), the amounts paid by Defendants, and the amounts Plaintiffs contend remained unpaid. Doc. #1, Ex. 15 at 40–51, Ex. 3 at 5. Defendant Blue Cross' review of the DCLs revealed that Plaintiffs' causes of action for at least 24 benefit claims and 13 patients were preempted by ERISA and an additional 7 patients (collectively, the "20 Patients") were enrolled in a health plan governed by the Federal Employee

Health Benefits Act ("FEHBA"). Doc. #72 at 3. Accordingly, on March 19, 2021, Defendant Blue Cross removed the case again, but because it failed to identify the removal as related to the proceeding previously before the undersigned Judge, the case was assigned to Judge Gray H. Miller[2] and later referred to Magistrate Judge Christina A. Bryan (Doc. #35).

On May 26, 2021, Plaintiffs filed a Second Motion to Remand, arguing that none of its claims are completely preempted by ERISA, thus the court lacks original jurisdiction over the state law claims. Doc. #38 at 19–30. Judge Bryan disagreed, finding that because there was "ERISA preemption with respect to at least one of Plaintiffs' claims, this Court may exercise jurisdiction over the entire case." Doc. #58 at 8. Therefore, Judge Bryan recommended that Plaintiffs' Second Motion to Remand be denied, stating:

> The Court finds that declining to exercise supplemental jurisdiction at this time would not be proper as the state law claims do not raise a novel or complex issue of state law; *the district court has not dismissed all claims over which it has original jurisdiction*; and Plaintiffs have not established a "compelling reason" to decline jurisdiction. *While the state law claims may predominate over the federal law claims*, the Court finds that in the interest of judicial economy, convenience, fairness, and comity, it would be inefficient to sever the claims and create two parallel proceedings litigating the same facts. *However, if the federal law claims are resolved early in this litigation, then remand of the claims pursuant to § 1367(c)(3) may be warranted.*

*Id.* at 25 (emphasis added). On March 7, 2022, Judge Miller adopted Judge Bryan's Amended Memorandum and Recommendation (Doc. #58), making one modification that does not apply to the issues currently before the Court. Doc. #66. That same day, due to an agreement between the Judges, the case was transferred back to the undersigned Judge. Doc. #67.

Plaintiffs now move, in an amended motion, for leave from the Court to amend its initial

---

[2] The case was initially assigned to Judge David Hittner. Upon recusal (Doc. #27), the case was reassigned to Judge Ewing Werlein, Jr. (Doc. #29), then Judge Charles Eskridge (Doc. #31), both of whom also recused themselves (Doc. #30; Doc. #32). Then, the case was reassigned to Judge Miller on April 12, 2021. Doc. #32.

pleading to voluntarily dismiss the claims as to the 20 Patients that Defendant Blue Cross identified in its removal pleading. Doc. #69. Further, if the Court grants it leave, Plaintiffs also move for the Court to decline supplemental jurisdiction and to remand the remaining state law claims. *Id.*

**II.     Legal Standards**

    **a.     Leave to Amend**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, pleadings may be amended "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "In exercising its discretion, the trial court should consider whether permitting the amendment would cause undue delay in the proceedings or undue prejudice to the nonmoving party, whether the movant is acting in bad faith or with a dilatory motive, or whether the movant has previously failed to cure deficiencies in his pleadings by prior amendments." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982). In the absence of any of these reasons, leave should be "freely given." *Shih v. Blue Cross & Blue Shield of Tex. Inc.*, No. 4:21-cv-1530, 2022 WL 444476, at *6 (S.D. Tex. Feb. 10, 2022).

    **b.     Removal**

A defendant is permitted to remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To determine whether it has jurisdiction, the court looks to "the claims in the state court petition as they existed at the time of removal." *Smith v. Liberty Mut. Ins. Co.*, No. H-10-4459, 2011 WL 13244946, at *1 (S.D. Tex. Jan. 27, 2011) (citing *Cavallini v. St. Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted).

### III. Analysis

#### a. Leave to Amend to Dismiss Federal Claims

Plaintiffs first ask the Court to grant it leave to amend its initial pleading to voluntarily dismiss its claims as to the 20 Patients that form the basis of federal jurisdiction. Doc. #69 at 8. Plaintiffs contend that granting it leave to amend will not cause undue prejudice to Defendants and that "there has been no undue delay, bad faith, or dilatory motive by Plaintiffs," thus leave should be freely granted. Doc. #69 at 9; *see* FED. R. CIV. P. 15(a)(2). In its Response, Defendants do not explicitly dispute that Plaintiffs should be granted leave to amend pursuant to Rule 15(a)(2). *See* Doc. #72. Instead, Defendants argue that if the Court grants Plaintiffs leave to dismiss the federal claims, then "any such dismissal should also include a condition that Plaintiffs' dismissal be with prejudice." *Id.* at 19 (emphasis removed). Defendants worry that if Plaintiffs are allowed to dismiss its claims without prejudice and the case is remanded, then "Plaintiffs could turn around and refile the dismissed claims and causes of action with this Court (or another federal court) and thereby force [Defendants] to defend two separate overlapping actions in both state and federal court." *Id.* Or alternatively, Defendants believe Plaintiffs might refile the dismissed claims in state court and subject Defendants to undue prejudice by having to defend the claims in state court or removing the claims to federal court once more. *Id.* at 20.

Parallel to the case before the Court, Judge Ellison presided over *Shih v. Blue Cross & Blue Shield of Texas, Inc.*, a factually and legally similar case involving a medical doctor, Dr. Patrick Shih, who sought reimbursement for emergent and pre-authorized medical services from Blue Cross and various employers whose health plans were administered by Blue Cross.[3] *Shih*, 2022

---

[3] Notably, Plaintiffs and Blue Cross in the case before the Court are represented by some of the same attorneys who represented the plaintiff and Blue Cross in *Shih*. Doc. #69 at 6 n.7.

5

WL 444476, at *1. Like in this case, Dr. Shih sued Blue Cross and other defendants in state court, and Blue Cross removed the case to federal court because some of Dr. Shih's claims were preempted by ERISA. *Shih*, No. 4:21-cv-1530, Doc. #32 at 1. Dr. Shih subsequently moved to amend his complaint to dismiss the claims forming the basis of federal jurisdiction. *Shih*, 2022 WL 444476, at *6. Similarly, Blue Cross argued that Dr. Shih's claims should be dismissed without prejudice due to the risk of parallel lawsuits with the same parties. *Id.* Judge Ellison granted Dr. Shih leave to amend, stating:

> The Court is unconvinced that Defendant would suffer prejudice if it granted Plaintiff leave to voluntarily dismiss all 34 disputedly federal claims. There is little to no risk of parallel state and federal lawsuits because it would be illogical for Plaintiff to refile in *state* court the claims forming *federal* jurisdiction here. . . . Because Defendant has failed to show any factors counseling toward denial of leave, which otherwise must be "freely given," the Court **GRANTS** Plaintiff's alternative request for leave to amend to voluntarily dismiss the disputedly federal claims.

*Id.* at *7 (emphasis in original).

Like in *Shih*, here Defendants have also "failed to show any factors counseling toward denial of leave." *Id.* Defendants have not shown any undue prejudice, bad faith, or dilatory motive. And like Judge Ellison, the Court is not convinced or concerned that there is a risk of parallel lawsuits in state and federal court because Plaintiffs have explicitly disclaimed recovery arising from federal claims. Doc. #1, Ex. 15 ¶ 82 ("Plaintiffs are not asserting any action arising under federal law."); Doc. #69 at 16 ("From the inception of this case, the complaint disclaimed pursuing or recovery arising from federal claims . . . ."); Doc. #74 at 4 ("[F]rom the inception, this complaint disclaimed pursuing federal claims."). Accordingly, Plaintiffs' Motion for Leave to Amend as to voluntarily dismissing the claims forming the basis of federal jurisdiction is granted.

---

Accordingly, many of the arguments and issues raised in *Shih* are identical to those before the Court.

b.  **Remand to State Court**

Next, Plaintiffs move the Court to decline supplemental jurisdiction and to remand the remaining state law claims. Doc. #69 at 14. Plaintiffs first note that in her Amended Memorandum and Recommendation, Judge Bryan acknowledged that the state law claims predominated over the federal law claims and stated that remand may be warranted "if the federal law claims are resolved early in this litigation." *Id.* (quoting Doc. #58 at 25). Relying on the Fifth Circuit's holding in *Watson v. City of Allen*, 821 F.3d 634, 642–43 (5th Cir. 2016), Plaintiffs argue that because the federal claims forming the basis of removal have been "deleted," "*Watson* controls here, and the statutory and common law factors support remand of the remaining balance of claims." Doc. #69 at 16 (quoting *Watson* for the proposition that "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial").

Defendants contend that remand is not proper because even if the Court allows Plaintiffs to dismiss its claims as to the 20 Patients, Defendants discovered 33 additional benefit claims that are preempted by ERISA (the "33 benefit claims"). Doc. #72 at 11–15. Citing inapplicable Fifth Circuit cases,[4] Defendants argue that because the case was properly removed, and the 33 benefit claims remain, the Court maintains original jurisdiction. *Id.* Plaintiffs rebut that Defendants' claim regarding jurisdiction over the 33 benefits claims is improper pursuant to 28 U.S.C. § 1653 ("Section 1653"). Doc. #74 at 2. Under Section 1653, the removing party cannot "assert additional

---

[4] Defendants erroneously rely on the holdings in *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242 (5th Cir. 2011), *Adair v. Lease Partners, Inc.*, 587 F.3d 238 (5th Cir. 2009), *Jefferson v. Certain Underwriters at Lloyd's London*, 658 Fed. App'x 738 (5th Cir. 2016) (per curiam), and *Vaillancourt v. PNC Bank, N.A.*, 771 F.3d 843 (5th Cir. 2014), which are all cases involving diversity jurisdiction. *See also Shih*, No. 4:21-cv-1530, Doc. #61 at 16–19 (transcript of a June 7, 2022 telephonic hearing wherein Judge Ellison agreed that the above cited cases are based on diversity jurisdiction and not applicable). Defendants also rely on *Firefighters' Retirement System v. Citco Group, Limited*, 796 F.3d 520 (5th Cir. 2015), which regards bankruptcy matters. *See also id.*

7

grounds of jurisdiction not included in the original pleading." *Iwag v. Geisel Compania Maritima, S.A.*, 882 F. Supp. 597, 601 (S.D. Tex. 1995) (citing *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805–06 (5th Cir. 1991)).

Defendants aver that Section 1653 "is of no moment" because Defendants are "merely identifying additional facts . . . supporting original federal jurisdiction, separate and apart from the facts that supported removal jurisdiction on the same grounds." Doc. #72 at 11. But the Court disagrees. In its Notice of Removal, Defendants specifically identified the federally governed benefit claims for the 20 Patients as a basis for the Court's jurisdiction. Doc. #1 ¶¶ 12–67; *see also* Doc. #72 at 3. For the first time in its Response, Defendants raise the 33 benefit claims as an additional basis for federal jurisdiction. Because the 33 benefit claims were not raised in the Notice of Removal, Section 1653 applies and bars these additional jurisdictional grounds. Accordingly, only state law claims remain before the Court.

Next, the Court turns its attention to Plaintiffs' request that the Court decline supplemental jurisdiction and remand the case. The law in the Fifth Circuit is clear, "[A] court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Watson*, 821 F.3d at 642–43 (vacating a district court's judgment and remanding the case back to the district court with instructions to remand the case to the Texas state court because it was an abuse of discretion for the court to exercise supplemental jurisdiction over the remaining state law claims). In *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir. 1999), the Fifth Circuit affirmed a district court's order remanding the remaining state law claims after the plaintiff successfully moved to amend and delete her ERISA-preempted federal claims. In doing so, the Fifth Circuit stated, "[Plaintiff's] obvious objective was to change the forum by getting back into

8

state court. We do not see this as forum manipulation, but rather as a legitimate attempt to try her state law claims in the forum of her choice." *Id.* Relying on the holdings in *Watson* and *Giles*, Judge Ellison remanded the *Shih* case back to state court after granting Dr. Shih leave to voluntarily dismiss his "allegedly federal claims." *Shih*, No. 4:21-cv-1530, Doc. #58; *see also* Doc. #61 at 13. Because the Court will grant Plaintiffs leave to amend its initial pleading to voluntarily dismiss the claims that form the basis of federal jurisdiction, and only state court claims remain, the Court declines to exercise supplemental jurisdiction. Thus, in accordance with Fifth Circuit precedent and Judge Ellison's holding in *Shih*, the Court finds that this case should be remanded to state court.

**IV.    Conclusion**

In conclusion, Plaintiffs' Motion for Leave to Amend (Doc. #69) is GRANTED. Accordingly, Plaintiffs are ORDERED to file the Amendment and Addendum to Their Initial Pleading (Doc. #69, Ex. 1) within seven (7) days from the entry of this Order. Upon doing so, the clerk of this Court is ordered to REMAND this case to the 80th Judicial District in Harris County, Texas.

It is so ORDERED.

MAR 3 1 2023
_____    _____
Date                                              The Honorable Alfred H. Bennett
                                                         United States District Judge

9